CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

APR 2 1 2008

JOHN F. CORCORAN, CLERK
BY: /s/ L. Clapp, DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CLINTON DESHANNON MYERS,** | ) | |
| Petitioner, | ) | **Civil Action No. 7:07CV00534** |
| | ) | |
| | ) | |
| **v.** | ) | **Opinion and Order** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **By: Hon. James C. Turk** |
| Respondent. | ) | **Senior United States District Judge** |

Clinton Deshannon Myers, a federal inmate, brings this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.A. § 2255. Respondent filed a motion to dismiss and Myers responded, making the matter ripe for disposition. Because Myers's circumstances have changed since he filed this action, the court will take the motion to dismiss under advisement, appoint counsel for petitioner, and grant him an opportunity to determine whether he wishes to proceed with the action or to move for voluntary dismissal of the action without prejudice.

I

Myers was charged in a three-count indictment. On June 29, 2006, he pleaded guilty, pursuant to a written plea agreement, to Count One, conspiracy to distribute more than 50 grams of cocaine base (also known as "crack cocaine"). In exchange for the plea, the government moved to dismiss Count Two, charging him with manufacturing and possessing more than 50 grams of crack cocaine with the intent to distribute, and Count Three, charging him with possession of a firearm in relation to a drug trafficking crime,[1] and to recommend a sentence at the low end of the applicable guidelines range. In Paragraph 4 of the plea agreement, Myers stipulated that he should be held accountable for 400 grams of crack cocaine, based on the amount of cash that was recovered from his apartment as proceeds from drug sales. Paragraph 10 of the plea agreement waived Myers's right to appeal, while Paragraph 11 read, in pertinent part: "I further agree to waive my right to collaterally

---

[1] If convicted on Count Three, Myers would be subject to a statutory mandatory minimum sentence of five years imprisonment, consecutive to all other sentences, pursuant to 18 U.S.C. § 924(c).

1

attack, pursuant to [28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon me by the Court." On October 13, 2006, the court entered judgment sentencing Myers to 151 months imprisonment. Myers did not file a timely notice of appeal from this judgment, and his efforts to file a late appeal were unsuccessful.

In October 2007, Myers signed, dated, and submitted this § 2255 action, alleging that his trial counsel was constitutionally ineffective in failing to file a notice of appeal after Myers asked him to do so. Counsel for the government filed a motion to dismiss, arguing that Myers entered a valid guilty plea and pursuant to the provision in his plea agreement, he waived his right to bring any challenge to his conviction or sentence under § 2255.

On March 26, 2008, the court entered an order reducing Myers's sentence from 151 months to 121 months, pursuant to 18 U.S.C. § 3582(c) and the 2007 amendments to the sentencing guidelines for crack cocaine offenses. See Case No. 7:05CR00096, Dkt. No. 82.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). However, "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). Moreover, the defendant may raise such a claim in a § 2255 motion despite having pleaded guilty pursuant to a plea agreement that included a waiver of § 2255 rights. Id. at 272. Under this precedent, if Myers can prove his allegation that he communicated a request to counsel for a notice of appeal, he is entitled to § 2255 relief in the form of a new opportunity to appeal his criminal conviction and/or sentence. Accordingly, the court cannot rule on the motion to dismiss without first conducting an evidentiary hearing on this issue.

As stated, Myers received a substantial reduction in his term of imprisonment on March 26, 2008, several months after he filed this § 2255 action. Given the change in his circumstances, he

2

may no longer wish to risk committing a breach of his plea agreement terms by pursuing this § 2255 action. Before setting this case for a hearing, the court will appoint counsel for Myers and will require him, after consultation with counsel, to indicate clearly whether or not he wishes to pursue his current § 2255 claims.

III

For the stated reasons, it is **ORDERED** as follows:

1.     The Motion to Dismiss (Dkt. No. 26) is **TAKEN UNDER ADVISEMENT** and this action is **STAYED**, pending further order of court;

2.     The clerk **SHALL** arrange with the Federal Public Defender's Office for appointment of counsel to represent the petitioner in this § 2255 action, pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000 & Supp. 2007);

3.     Defendant **SHALL** consult with counsel and on or before May 24, 2008, **SHALL** either (a) move for the stay entered in this case to be lifted and consideration of his § 2255 claims to resume or (b) move for voluntary dismissal of the action without prejudice to his later filing a § 2255 motion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 21 day of April, 2008.

Senior United States District Judge

3